

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 20, 1939

Mr. Chas. R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-451
Re: Can County on a fee basis legally
pay Constable's fee when consta-
ble arrests juvenile on misdemeanor
theft charge and verdict of guilty
results in punishment of 3 years
in reformatory?

Your request for an opinion on the above stat-
ed question has been received by this office.

Your letter reads in part as follows:

"In this county the Constables are placed
on a fee basis, also the Justices of the Peace.
The other fee officers have been placed on a
salary basis.

"Please advise me whether or not the County
could legally pay a Constable fees earned in a
Juvenile case? In other words where a Consta-
ble would go some distance to arrest a juvenile
on a misdemeanor theft charge, and bring him
back for trial? The warrant being issued from
the County Court, and verdict of guilty render-
ed with punishment assessed at three years in
Reformatory."

No fees are allowed officers for their services
under the statutes of this State in juvenile cases tried
and disposed of in county courts except the fees and ex-
penses allowed the sheriff for conveying a juvenile to the

institution to which he has been committed.

This Department has previo sly held in a number of opinions with which we entirely concur, that the statutes do not provide or allow any fees or compensation to officers for their services in juvenile cases tried and disposed of in the county court.

You are respectfully advised that it is the opinion of this Department that the county cannot legally pay a constable a fee or a fee to any other officer for services rendered in juvenile cases.

Trusting that the above answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS